CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys For Plaintiff


Gregory E. Stone, Esq., S.B. #144057
gstone@stonedeanlaw.com
STONE | DEAN LLP
21600 Oxnard Street, Upper Lobby- Suite 200
Woodland Hills, California 91367
Tel: (818) 999-2232
Fax: (818) 999-2269

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Chris Langer,**<br><br>        Plaintiff,<br><br>v.<br><br>**I Love My Landlord, LLC**, a California Limited Liability Company; **Studio Pokebar, Inc.**, a California Corporation; and Does 1-10,<br><br>        Defendants. | Case No. 2:17-cv-05737-FMO-AS<br><br>**Joint Report (Rule 26) for Scheduling Conference [Filed Concurrently with Declaration of Gregory E. Stone re: Plaintiff's Attorneys' Non-Compliance]**<br><br>Date:    November 30, 2017<br>Time:   10:00 a.m.<br>Crtrm:  6D<br><br>Honorable Judge Fernando M. Olguin |

PURSUANT TO Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Scheduling Conference filed October 17, 2017,

1

and having met and conferred through their respective attorneys of record personally on October 19, 2017, the defendants hereby submit their Joint Rule 26 Report. As set forth more fully in the Declaration of Gregory E. Stone filed concurrently herewith, Plaintiff's counsel refuses to sign the report unless Defendants edit and modify Defendants' contentions to say what Plaintiff's counsel wants Defendants' contentions to say. Defendants have incorporated Plaintiff's contentions in the report.

### a) Short Synopsis of the Principal Issues

<u>Plaintiff</u>: Chris Langer is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van. Defendant I Love My Landlord, LLC owns the real property located at or about 13203 Ventura Blvd., Studio City, California. Defendant Studio Pokebar, Inc. owns the Poke Bar restaurant ("Restaurant") located at or about 13203 Ventura Blvd., Studio City, California.

The parking space that was marked and reserved for persons with disabilities had a parking space that measured 96 inches in width. The access aisle measured just 30 inches in width. This is not van accessible. Additionally, even though the plaintiff did not personally confront the barrier, there is a ramp that runs up to the entrance of the Restaurant. It terminates at the door and there is no landing.

The defendant's failure to provide for van-accessible parking space and level landing at the Restaurant is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, he seeks injunctive relief and the statutory minimum damage award.

**Defendants**: This is a shakedown ADA matter filed by an individual who notoriously filed hundreds of such cases and who is enabled on many of those cases by the plaintiff's law firm of record. Plaintiff's general approach is to file; serve and then demand $15,000, or "else expect to incur substantial attorney's fees and face the costs of defending a federal court lawsuit." This is not a true settlement demand but rather the custom and practice of plaintiff to shakedown small businesses. Plaintiff provides no basis to support the $15,000 demand but instead threatens "significant legal fees to be incurred" if not paid in short order. The federal lawsuit is the first notice provided.

Despite several requests, including at the joint meeting of counsel, plaintiff refused and continues to refuse to provide the date and time he alleges he was on defendant's property. In fact, plaintiff refuses to provide the specific date in this joint report. Although speculation at this stage, it appears the attorneys scout out properties, perhaps on Google, and then use Mr. Langer's name as the plaintiff.

Plaintiff has no standing and brought this action not to redress any injury or for any altruistic motive but rather to shakedown as much money as possible from this small business in an aggressive "pay or else" approach.

Upon first notice of this lawsuit, defense counsel contacted plaintiff's counsel to inquire about date of service and if the required documentation pursuant to California Civil Code 55.3 was provided. It appeared to be a relaxed and professional discussion. However, it was a set up. Instead of providing any information as promised, plaintiff moved for a default judgement a few days later, never once

giving a heads up to defense counsel. Only after defense counsel threatened to request sanctions for what defense counsel perceived as unethical conduct did plaintiff agree to set aside the default.

Plaintiff also failed to comply with California Civil Code section 55.3, et seq., as it relates to his pendant state law claims. The required information was provided after the deficiency was pointed out to plaintiff.

At the Rule 26 meeting, lead counsel for plaintiff, Raymond G. Ballister Jr, represented he is employed by the law firm of record for this matter, CENTER FOR DISABILITY ACCESS. Mr. Ballister has been non-responsive to defense counsel since the meeting and it is not clear if he even is employed with the plaintiff's law firm. The California State Bar profile provides Mr. Ballister's address of record as 132 Reever Way, Altadena, CA 91001, while the law firm of record notes a P.O. box and different address. California Business & Professions Code Section 6002.1 requires attorneys to maintain a current address with the State Bar of California. Mr. Ballister was only interested in "how much money is your client going to pay" and refused to provide any specific information about the merits of the case; specifically stating he has no idea if his client was even at the property. Mr. Ballister has not participated in the preparation of this report. Instead, Mr. Dennis Price from Plaintiff's law firm has decided to get involved as he has "presumed" Mr. Ballister would have different contentions. It should also be noted Mr. Price's address of record on the State Bar differs from that of the law firm at which he supposedly is employed. The state Bar shows an address for Mr. Price as 6240 Whitsett Ave., Apt 203, North Hollywood, CA 91606-3163.

**Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**b) Legal Issues**

The principal legal issues are: (1) whether the defendants are responsible under the law to remove barriers; (2) whether the plaintiff has standing to seek either damages or injunctive relief; (3) whether the barriers are readily achievable to remove; and (4) the nature and extent of damages, if any.

**c) Parties, Evidence, Etc.**

<u>Plaintiff</u>: Other than the plaintiff himself, the only "witness" would be Evens Louis, investigators for plaintiff's counsel who took photographs of the subject property following complaint from the plaintiff and as part of the prefiling process. The only documents that the plaintiff has would be photographs taken by Evens Louis.

<u>Defendants</u>: Reserved for impeachment purposes depending upon plaintiff's sworn deposition testimony. Plaintiff refuses to provide

any substantive information suggesting only to "do your formal discovery." Plaintiff refuses to provide the alleged Evens Louis information, certainly as a ploy to increase fees.

**d) Insurance**

None.

**e) Magistrate Judge**

<u>Plaintiff</u>: Does not consent to have a Magistrate Judge preside over this case at this time.

<u>Defendants</u>: Moot as plaintiff does not consent.

**f) Discovery Plan**

1. <u>Disclosures</u>

The Parties do not seek any changes to the form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by November 2, 2017.

2. <u>Discovery Subjects</u>

<u>Plaintiff</u> intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of an accessible parking space and level landing at the Restaurant; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendants</u> intends to depose the plaintiff and 3rd party witnesses.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cut-off date of September 24, 2018.

3. <u>Changes in Limitations on Discovery</u>

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendants</u>: Defendants request discovery stay within the limits.

4. <u>Discovery cut-off</u>

<u>Plaintiff</u>: proposes a final discovery completion date for non-expert discovery of September 3, 2018. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by September 10, 2018, and expert witness depositions be completed by September 24, 2018.

<u>Defendants</u>: proposes a shorter time frame and will defer to the court.

5. <u>Expert Discovery</u>

<u>Plaintiff</u>: proposes Initial disclosure of Expert Witnesses date of August 13, 2018, and a Rebuttal Disclosure of Expert

Witnesses and Report of September 10, 2018. The date for Expert cut-off is proposed to be September 24, 2018.

Defendants: proposes a shorter time frame and will defer to the court.

### g) Motions

Plaintiff: intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Defendants: contends the site complies with all laws and plaintiff's proposed inspection schedule is a stalling tactic designed by plaintiff to manufacture further violations and increase its fees claim.

### h) Class Certification

N/A

### i) Dispositive Motions

Plaintiff: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendants</u>: depending upon discovery defendant intends to file a motion for summary judgment.

**j) Settlement/Alternative Dispute Resolution (ADR)**

The parties do not believe that settlement is likely in this case.

**k) Pretrial Conference and Trial**

| Matter | Date |
|---|---|
| Discovery Cut Off Date (including experts) | 9/24/2018 |
| Last day to have motions heard | 10/22/2018 |
| Pretrial Conference | 12/3/2018 |
| Trial | 12/18/2018 |

**l) Trial Estimate:**

<u>Plaintiff</u>: A court trial has been requested and plaintiff anticipates a 2-3 day court trial, on or about December 18, 2018.

<u>Defendants</u>: request a 3-4 day jury trial.

**m) Trial Counsel:**

Trial counsel for the Plaintiff is Raymond Ballister, Jr.

Trial counsel for Defendant is Gregory E. Stone.

**n) Independent Expert or Master:**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**o) Other Issues:**

There are no other issues affecting the status or management of the case and the parties have no proposals concerning severance, bifurcation or other ordering of proof.

Dated: October 18, 2017    CENTER FOR DISABILITY ACCESS

By: _____
Raymond Ballister, Jr.
Attorneys for Plaintiff

Dated: November 9, 2017    STONE | DEAN LLP

By: _____
Gregory E. Stone, Esq.
Attorneys for Defendants

# EXHIBIT A
# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties' Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 6/25/2018 |
| Non-Expert Discovery Cut-Off | 15 | 9/3/2018 |
| Expert Discovery Cut-Off | 12 | 9/24/2018 |
| Last Day to Conduct Settlement Proceedings | 10 | 10/8/2018 |
| Last Day for Law and Motion Hearings | 8 | 10/22/2018 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 12/3/2018 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 12/10/2018 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 12/14/2018 |
| Trial **(Tuesday at 9:00 a.m.)** | | 12/18/2018 |

Joint Report of Counsel 2:17-cv-05737-FMO-AS